### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

EMERSON EUGENE STEVENS,

    Petitioner,

v.                          Civil Action No. 3:19CV714

ADRIANNE BENETT,

    Respondent.

### MEMORANDUM OPINION

Emerson Eugene Stevens, a former Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), wherein he once again challenges his convictions in the Circuit Court for the County of Lancaster for first-degree murder and abduction with intent to defile. By Memorandum Opinion and Order entered on November 23, 1992, this Court denied Stevens's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Stevens v. Greene, No. 3:92CV540 (E.D. Va. Nov. 23, 1992), and the United States Court of Appeals for the Fourth Circuit dismissed his appeal. Stevens v. Greene, 991 F.2d 791, 1993 WL 118078, at *1 (4th Cir. Apr. 16, 1993). On September 5, 2019, Stevens filed an application to file a successive § 2254 petition with the Fourth Circuit. That application has not been granted.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition from Stevens and this Court lacks jurisdiction to entertain the § 2254 Petition or any accompanying motions at this time. Moreover, Stevens fails to identify any authority that would allow the Court to grant Steven's motion to stay these proceedings pending the Fourth Circuit's grant or denial of permission to file a successive § 2254 petition. Simply put, the gatekeeping mechanism of §2244(b)(3)(A) deprives this Court of jurisdiction at this time. See Burton v. Stewart, 549 U.S. 147, 157 (2007).

Therefore, the action will be dismissed without prejudice for want of jurisdiction. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Stevens.

It is so ORDERED.

_____/s/  REP_____
Robert E. Payne
Senior United States District Judge

Date: October 2, 2019
Richmond, Virginia